**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| OSCAR YBARRA, Jr., | § | |
| Petitioner, | § | |
| | § | 3:16-CV-1807-M |
| v. | § | 3:03-CR-0305-M |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## I. Procedural background

Petitioner filed this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On January 16, 2004, Petitioner pled guilty pursuant to a plea agreement to possession of a firearm by a convicted felon. The Court sentenced him, under the Armed Career Criminal Act ("ACCA"), to 180 months in prison.

On June 9, 2005, Petitioner filed his first § 2255 motion. *Ybarra v. United States*, No. 3:05-CV-1186-M (N.D. Tex.) On November 22, 2005, the Court denied the petition. On May 4, 2006, the Fifth Circuit Court of Appeals dismissed his appeal. *Ybarra v. United States*, No. 05-11443 (5th Cir. May 4, 2006).

In Petitioner's current § 2255 petition, he seeks relief pursuant to the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015). Petitioner also filed a motion to stay these proceedings while he seeks authorization from the Fifth Circuit to file a

successive petition.  On September 28, 2016, the government filed a motion to dismiss.

## II.  Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255.  This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court.  28 U.S.C. §§ 2241 and 2255.

On July 1, 2016, the Fifth Circuit denied Petitioner's motion for authorization to file a successive § 2255 petition.  *In re Oscar Ybarra*, No. 16-10715 (5th Cir. July 1, 2016).  The Court therefore finds Petitioner's motion to stay should be denied and the government's motion to dismiss should be granted.

## III.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's motion for stay be DENIED and that the government's motion to dismiss be GRANTED.

Signed this ___ day of ___ 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).